

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 Church Street
NEW YORK, N.Y. 10007

Anna Nguyen
Assistant Corporation Counsel
Tel.: (212) 788-0971
Fax: (212) 788-9776

**Courtesy Copy**
original filed electronically

November 23, 2004

*[Handwritten note: Respectfully referred for a conference before Judge Levy, and if the motion is brought pursuant to 28 U.S.C. § 636(b) (1)(A), so ordered. /s/ JSDJ 11/28/05  cc: Counsel, Judge Levy]*

BY ECF & COURTESY COPY BY HAND
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Leggett v. City of New York, et al., 05 CV 00161 (ARR)(RML)

Dear Judge Ross:

I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City").[1] Pursuant to Your Honor's Individual Rules and Practices, I write to respectfully request a pre-motion conference as defendant City seeks to move to dismiss this case for plaintiff's failure to prosecute this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendant City respectfully notes that a status conference is currently scheduled to take place before Magistrate Judge Levy on November 30, 2005. However, in light of defendant City's instant application for a pre-motion conference before Your Honor, and upon consent of plaintiff's counsel, Andrew Plasse, Esq., defendant City is submitting a concurrent letter to Magistrate Judge Levy under separate cover requesting an adjournment of the November 30, 2005 status conference. (A courtesy copy of that letter is attached hereto.)

### Background

As set forth in the complaint, plaintiff Mervin Leggett seeks to bring this action as the alleged Administrator of the Estate of Renee Dantzler, deceased.[2] Plaintiff Leggett alleges that on January 12, 2002, Dantzler was falsely arrested at 200 Throop Avenue, Brooklyn, New York following a drug-sweep and transported to the "Housing Police Station No. 3." Plaintiff further alleges that Dantzler's death was caused by the alleged denial of medical attention to

---

[1] This case was previously assigned to former Assistant Corporation Counsel Alison Gugel.

[2] Defendant City has not received any letters of administration verifying this information.

Dantzler at the precinct. Defendant City now wishes to move to dismiss this case for plaintiff's failure to prosecute this action on the grounds set forth below.

**Plaintiff's Failure to Prosecute**

Pursuant to Fed. R. Civ. Pro. 41(b), the Court is invested with the discretionary authority to dismiss a complaint for failure of a plaintiff to prosecute his claims. "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. March 7, 1997) (quoting Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Additionally, the Second Circuit held that failure to prosecute "can evidence itself [] in an action lying dormant with no significant activity to move . . . ." Lyell Theatre Corp., 682 F.2d at 42. Plaintiff has the ultimate obligation of moving the case to trial, and "'[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by the plaintiff.'" Id. (quoting West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. Apr. 26, 1990)). Should plaintiff fail to move his case to trial in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. West, 130 F.R.D. at 524. Because dismissal is a matter of the district court judge's discretion, a judge may, even without notice to the parties, dismiss a complaint for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962).

Plaintiff's failure to prosecute this action is evidenced by plaintiff's failure to provide this office with the requested "Designation of Agent for Access to Sealed Records Pursuant to NYCPL § 160.50(1)(d)" ("§ 160.50 release") and medical releases requested of plaintiff on several occasions. By Order dated April 5, 2005, this Court granted defendant City's April 4, 2005 letter application requesting a forty-five day enlargement of time from the date this office received plaintiff's § 160.50 release to answer or otherwise respond to the complaint. The § 160.50 release as well medical releases for Dantzler's medical records were sent to plaintiff via letters dated February 4, 2005 and March 22, 2005. On May 31, 2005, this office received a deficient § 160.50 release from plaintiff's counsel. The release failed to provide any docket or indictment numbers necessary for the release to be processed. This office left several telephone messages with plaintiff's counsel, including messages on May 31, 2005, July 15, 2005, and November 14, 2005, regarding the deficient release. However, this office received no response from plaintiff's counsel. Following additional calls to Mr. Plasse on November 18, 2005 and November 22, 2005, Mr. Plasse requested that this office consent to a thirty-day enlargement of time for reasons that were not articulated. This office subsequently informed Mr. Plasse that we would be unable to consent to his request for a blanket thirty-days, because plaintiff has failed to prosecute this action and is only now indicating an attempt to do so near the end of the discovery deadline.

Plaintiff's failure to prosecute this action and provide this office with the proper releases requested of him has resulted in this action laying dormant with no significant activity since February 2005. Fact discovery is scheduled to be completed by November 30, 2005, and plaintiff has not upheld his obligation to move this case forward.

In view of the foregoing, it is respectfully requested that the Court grant the within request for a pre-motion conference for defendant City to move to dismiss this case for plaintiff's failure to prosecute this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Thank you for your consideration in this regard.

Respectfully submitted,

*Anna Nguyen*

Anna Nguyen (AN 6973)
Assistant Corporation Counsel

Enc.

CC: BY ECF and COURTESY COPY BY HAND
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

BY ECF
Andrew F. Plasse, Esq.
Attorney for Plaintiff
352 Seventh Avenue, Suite 402
New York, New York 10001



**Courtesy Copy** *original filed electronically*

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

## LAW DEPARTMENT
100 Church Street
NEW YORK, N.Y. 10007

Anna Nguyen
*Assistant Corporation Counsel*
Tel.: (212) 788-0971
Fax: (212) 788-9776

November 23, 2004

BY ECF & COURTESY COPY BY HAND
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Leggett v. City of New York, et al., 05 CV 00161 (ARR)(RML)

Dear Magistrate Judge Levy:

I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City").[1] I am writing with the consent of plaintiff's counsel, Andrew Plasse, Esq. to respectfully request that the status conference currently scheduled for November 30, 2005 at 11:00 a.m. be adjourned to a later date. The reason for this request is that defendant City is submitting a concurrent letter to Judge Ross, under separate cover, requesting a pre-motion conference concerning defendant City's request to move to dismiss this case for plaintiff's failure to prosecute this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (A courtesy copy of the letter is attached hereto.)

Thank you for your consideration in this regard.

Respectfully submitted,

Anna Nguyen (AN 6973)
Assistant Corporation Counsel

Enc.

---

[1] This case was previously assigned to former Assistant Corporation Counsel Alison Gugel.

CC: <u>BY ECF and COURTESY COPY BY HAND</u>
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>BY ECF</u>
Andrew F. Plasse, Esq.
Attorney for Plaintiff
352 Seventh Avenue, Suite 402
New York, New York 10001